UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ERIC C. AUMUELLER and
CHRISTOPHER C. AUMUELLER,

      Plaintiffs,

v.                                      Case No. 1:07-CV-1171

OTTAWA COUNTY 58TH
DISTRICT COURT,                    HON. GORDON J. QUIST

      Defendant.
_____/

## OPINION

Plaintiffs, Eric C. Aumueller and Christopher C. Aumueller, filed suit against Defendant, Ottawa County 58th District Court, in the United States District Court for the Eastern District of Michigan. In their complaint, Plaintiffs appear to be alleging that Defendant violated the American with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, by failing to make reasonable accommodations for their disability in issuing its order evicting Plaintiffs from their rental property.[1] Judge Julian Abele Cook Jr. transferred the case to the Western District of Michigan.[2] Because Plaintiffs' claim is barred by the *Rooker-Feldman* doctrine, the Court will dismiss Plaintiffs' complaint.

### Analysis

On July 31, 2007, Judge Cook issued an order granting Plaintiffs leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any *in forma pauperis*

---

[1] Plaintiffs' complaint is at times illegible and uncomprehensible. Plaintiffs state that Judge "has already expressed bias, coercion, and ignorance of the American with Disabilities Act," "has made bias from the bench a common practice," and has "created homelessness and vacancy, collection and seizure of evidence, needed surgery to avoid blindness and coerced testimony to proceed in case. . . ."

[2] In several of their filings with the Court, Plaintiffs have complained of actions taken by Fifth Third Bancorp and various other entities not named in the present suit. It appears that Plaintiffs are referencing a parallel lawsuit against Fifth Third that remains in the Eastern District of Michigan.

action brought under federal law at any time if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept their allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below, the Court concludes that Plaintiffs' complaint must be dismissed as required by § 1915(e)(2).

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2 Moore's Federal Practice, ¶ 12.34[1][b] (Matthew Bender 3d ed. 2003). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

Plaintiffs complaint must be dismissed because this Court should abstain under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine concerns "the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Co. v. Saudi Basic Indus. Co.*, 544 U.S. 280, 291, 125 S.Ct. 1517, 1526 (2005). Because many lower courts were expanding the *Rooker-Feldman* doctrine beyond its original parameters, the Supreme Court in *Exxon Mobil*

clarified the doctrine's limited applicability.  The Court held that *Rooker-Feldman* does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293, 125 S.Ct. at 1527.  Rather, the doctrine only applies when a party tries to attack the state court judgment or complains of injury caused by the state court judgment.  The Sixth Circuit has offered the following analysis:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint.  If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.  If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

From Plaintiffs' complaint, it appears that Plaintiffs are claiming Defendant violated the American with Disabilities Act by failing to provide reasonable accommodation for their disability in evicting Plaintiffs from their rental property.  Thus, the source of the injury that Plaintiff complains of is the state court decision evicting them from their property.  Since the source of the injury is the state court decision itself, *Rooker-Feldman* prevents this Court from asserting jurisdiction over Plaintiffs' claim.  Therefore, Plaintiffs' complaint fails to state a claim upon which relief can be granted.  Thus, the Court will dismiss Plaintiffs' *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2).

An Order consistent with this Opinion will be filed.


Dated:  January 2, 2008                    /s/ Gordon J. Quist
                                                                               GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE